# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

**DAVID PIERCE,** *individually and on behalf of all persons similarly situated*,

    **Plaintiffs,**

v.                                            Case No. 1:20-cv-117

**STATEBRIDGE COMPANY, LLC,**

    **Defendant.**

## CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

1. Defendant Statebridge Company, LLC ("Statebridge"), routinely violates the Fair Debt Collection Practices Act ("FDCPA") and state debt collection law, and it breaches the terms of Uniform Mortgages by collecting additional, illegal processing fees when borrowers pay their monthly mortgage by phone or online ("Pay-to-Pay Fees"). Statebridge illegally charges homeowners $5.00 for each online payment ("Pay-to-Pay Transactions").

2. The FDCPA prohibits Statebridge from collecting any amount collected in addition to the principal obligation unless *such amount is explicitly stated in the agreement creating the debt or permitted by law.* 15 U.S.C. 1692f(1) (emphasis added). Importantly, Pay-to-Pay Fees are found nowhere in Uniform Mortgages and are not permitted by state debt collection law. In fact, states like California and North Carolina have debt collection laws that also prohibit Pay-to-Pay Fees unless those extra fees are explicitly stated in the Mortgage.

3. Statebridge services mortgages throughout the United States, including North Carolina and California. Statebridge is paid to service the mortgages out of the interest paid on each borrower's monthly payment. Statebridge may charge borrowers fees actually listed in the Uniform

1

Mortgage and for work actually performed or amounts actually paid to third parties who perform services for Statebridge's borrowers. But Statebridge cannot mark-up the amounts it pays third parties to provide borrowers' services and create a "middle-man" profit center for itself. Statebridge charged borrowers for Pay-to-Pay fees through Speedpay, an automated online and telephone payment processing system created and maintained by Western Union.

4. Many mortgage borrowers struggle just to make their regular mortgage payments without getting charged extra, illegal fees when they try to pay by automated phone system or online. Many borrowers pay by phone or online because Statebridge does not have brick-and-mortar offices, and the electronic payment method is one of the only available options that generates a payment receipt and a clear record.

5. Despite its uniform contractual obligations to charge only those fees explicitly allowed under the mortgage and applicable law, and only those amounts actually disbursed, Statebridge leverages its position of power over homeowners and demands exorbitant Pay-to-Pay Fees. Even if some fee were allowed, the mortgage uniform covenants and applicable law only allow Statebridge to pass along to the borrower the actual cost of fees incurred by it–only a few cents per transaction.

6. Statebridge knowingly violated the FDCPA and the laws of multiple states by demanding and charging Pay-to-Pay Fees, and it breached its mortgage contracts by charging fees not expressly allowed under the uniform contractual obligations contained in standard-form deeds of trust.

7. Thus, Plaintiff David Pierce seeks to represent classes of borrowers across the country who were harmed when Statebridge charged them illegal fees simply to make their mortgage payments.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over Statebridge because Statebridge conducts business

2

Case 1:20-cv-00117-WO-JLW   Document 1   Filed 02/05/20   Page 2 of 17

in North Carolina and commits torts in North Carolina, as described in this Complaint.

9. Venue is proper because the cause of action accrued in this District.

10. Subject matter jurisdiction exists under the Class Action Fairness Act because diversity exists between the defendant and at least one class member, because the amount in controversy exceeds $5,000,000, and because the Complaint states a federal question.

## PARTIES

11. Plaintiff David Pierce has a mortgage loan serviced by Statebridge on his home located in Durham County, North Carolina. When Statebridge acquired the servicing rights to Mr. Pierce's mortgage loan, his payments were delinquent.

12. Defendant Statebridge is a Delaware limited liability corporation with a principal office in Colorado.

## APPLICABLE LAW

**Fair Debt Collection Practices Act ("FDCPA")**

13. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

14. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e.

15. The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

16. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

3

17. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

18. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

19. The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

20. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] [is] primarily for personal, family, or household purposes." *Id.* § 1692a(5).

**North Carolina Consumer Protection Act ("NCCPA")**

21. The North Carolina Consumer Debt Collection Act offers broad protections to consumers from underhanded methods used by unscrupulous creditors and debt collectors. It applies more broadly than the FDCPA.

22. The NCCPA defines "debt collector" as "any person engaging, directly or indirectly, in debt collection from a consumer except those persons subject to the provisions of Article 70, Chapter 58 of the General Statutes. NC Gen. Stat. 75-50 Definitions. NC Gen. Stat., § 75-50(3). It allows recovery against both creditors collecting debts in their own names, and those whose primary business is debt collection.

23. A "debt" is "any obligation owed or due to be owed or due from a consumer." NC Gen. Stat. , § 75-50(2).

24. A "consumer" under the NCCPA is "any natural person who has incurred a debt or alleged debt for personal, family, household or agricultural purposes." NC Gen. Stat., Com. L., § 75-

4

50(1).

25. The NCCPA prohibits "debt collectors" from "falsely representing the character, extent, or amount of a debt against a consumer…" *Id.* § 75-54(4). Seeking to collect a debt that includes "an unauthorized type of charge" violates this provision of the NCCPA.

26. The NCCPA further prohibits "debt collectors" from "falsely representing that an existing obligation of the consumer may be increased by the addition of… service fees, or any other fees or charges." *Id.* § 75-54(6). Seeking to collect a debt that includes "an unauthorized type of charge" violates this provision of the NCCPA.

27. The NCCPA further prohibits "debt collectors" from "collecting or attempting to collect from the consumer all or any part of the debt collector's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge…" *Id.* § 75-55(2). Seeking to collect a debt that includes "an unauthorized type of charge" violates this provision of the NCCPA.

28. North Carolina Code further prohibits the charging of certain types of fees in mortgage loans with a balance less than $300,000, stating "If the principal amount of a loan is less than three hundred thousand dollars ($300,000), no lender shall charge or receive from any borrower or require in connection with any loan any borrower, directly or indirectly, to pay, deliver, transfer, or convey or otherwise confer upon or for the benefit of the lender or any other person, firm, or corporation any sum of money, thing of value, or other consideration other than that which is pledged as security or collateral to secure the repayment of the full principal of the loan, together with fees and interest provided for in this Chapter or Chapter 53 of the General Statutes. NC Gen. Stat. 24-8 Loans not in excess of $300,000; what interest, fees and charges permitted." *Id.* § 24-8(a).

29. The proscriptions in the previous paragraph are modified by the same section to this extent: "Notwithstanding any contrary provision of State law, *any lender may collect money from the borrower*

5

*for the payment of (i) bona fide loan-related goods, products, and services provided or to be provided by third parties… No third party shall charge or receive (i) any unreasonable compensation for loan-related goods, products, and services, or (ii) any compensation for which no loan-related goods and products are provided or for which no or only nominal loan-related services are performed… Id.* § 24-8(d) (emphasis added).

30. Loan-related goods are specifically defined as "goods, products, and services include fees for tax payment services, fees for flood certification, fees for pest-infestation determinations, mortgage brokers' fees, appraisal fees, inspection fees, environmental assessment fees, fees for credit report services, assessments, costs of upkeep, surveys, attorneys' fees, notary fees, escrow charges, and insurance premiums (including, for example, fire, title, life, accident and health, disability, unemployment, flood, and mortgage insurance)." *Id.*

31. The NCCPA also makes it illegal to violate the federal FDCPA. *Id.* § 75-51(8).

**FACTUAL ALLEGATIONS**

32. Statebridge is a loan servicer that operates throughout the United States.

33. Each time a mortgage borrower whose loan is serviced by Statebridge makes a loan payment online or over the internet, Statebridge charges the borrower a Pay-to-Pay Fee of $5.00 for each online payment.

34. The usual cost that a loan servicer pays Western Union to process Pay-to-Pay Transactions payments is $0.50 or less for each transaction. Therefore, the actual cost for Statebridge to process the Pay-to-Pay Transactions is well below the amounts charged to borrowers, and Statebridge illegally pockets the difference as profit.

35. The Uniform Mortgage does not authorize Statebridge to charge Pay-to-Pay Fees.

36. Statebridge deliberately collects the Pay-to-Pay Fees even though it knows that such fees are not authorized under its clients' deeds of trust, and that it therefore has no right to collect

them.

**Mr. Pierce**

37. On or about May 7, 2007, Mr. Pierce obtained a home equity loan secured by a mortgage on his residence (the "North Carolina Deed of Trust"). The North Carolina Deed of Trust is attached as **Exhibit A**. Mr. Pierce took out the mortgage loan secured by his property for personal, family, or household uses.

38. Statebridge acquired the servicing rights to the subject loan in 2011.

39. Mr. Pierce's loan was in default at the time Statebridge acquired the servicing rights.

40. Since Statebridge acquired the loan in default, and because Statebridge otherwise meets the two-part definition of a "debt collector", Statebridge is a debt collector under the FDCPA. Statebridge's principal purpose is to collect debt, and it uses interstate commerce to collect debt. Statebridge regularly collects debts that are owed and due another. Statebridge is also a "collector" under the NCCPA.

41. Shortly after Statebridge took over servicing Mr. Pierce's loan, Mr. Pierce entered into a mortgage modification agreement with Statebridge and brought his loan current in 2011.

42. Mr. Pierce has made timely mortgage payments since 2011.

43. Mr. Pierce sometimes makes his mortgage payments online. When he makes a mortgage payment online, Statebridge charges him a $5.00 fee. This fee is not authorized by the North Carolina Deed of Trust.

44. Mr. Pierce has made several internet payments and been charged an illegal $5.00 fee by Statebridge each time, including on February 25, 2017; December 20, 2018; January 31, 2019; March 20, 2019; and April 20, 2019.

45. Statebridge deliberately collected the Pay-to-Pay Fees even though it knew that such fees were not authorized under the North Carolina Deed of Trust and that it had no right to collect

them under either the FDCPA or the NCCPA.

46. Paragraph 14 of the North Carolina Deed of Trust states that it "shall be governed by Federal law and the law of the jurisdiction in which the Property is located." *See* Exhibit A, ¶ 14. Statebridge's collection of the Pay-to-Pay Fees violated the FDCPA ("Federal law") and NCCPA ("the law of the jurisdiction in which the Property is located") because the Deed of Trust does not expressly allow Statebridge to charge Pay-to-Pay Fees. *See* 15 U.S.C. § 1692f (making it illegal to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"); NC Gen. Stat. , Com. L, § 75-54(6); *Id* at § 75-55(2); *Id* at § 75-51(8).

47. Even if Statebridge is allowed to collect a fee under the auspice that it is a "default related fee," Statebridge's demand for payment of Pay-to-Pay Fees was a direct breach of Paragraph 5 of the North Carolina Deed of Trust, which states that only "amounts *disbursed* by the lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument." *See* Ex. A, ¶ 7. Statebridge collected more than the amount it disbursed to process the Pay-to-Pay Transactions.

48. The above paragraphs are contained in the North Carolina Deed of Trust. Statebridge has thus breached its contracts on a class-wide basis.

49. Prior to filing this Complaint, Mr. Pierce made a written pre-suit demand upon Statebridge.

50. Statebridge was given a reasonable opportunity to cure the breaches and violations of law complained of herein but has failed to do so.

## **CLASS ACTION ALLEGATIONS**

8

51. Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of the following classes of persons (the "Classes"), subject to modification after discovery and case development:

**Nationwide FDCPA Class:** All persons who were borrowers on residential mortgage loans that were not owned by Statebridge and to which Statebridge's records show it acquired the servicing rights when such loans were 30 days or more delinquent on loan payment obligations, and paid a fee to Statebridge for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations through the date a class is certified.

**North Carolina Class:** All persons with a North Carolina address who were borrowers on residential mortgage loans to which Statebridge acquired servicing rights, and paid a fee to Statebridge for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations through the date a class is certified.

52. Class members are identifiable through Defendant's records and payment databases.

53. Excluded from the classes are the Defendant, any entities in which it has a controlling interest, its agents and employees, and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

54. Plaintiff proposes that he serve as class representative.

55. Plaintiff and the Classes have all been harmed by the actions of Defendant.

56. Numerosity is satisfied. There are likely thousands of class members. Individual joinder of these persons is impracticable.

57. There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

    a. Wherein Statebridge assessed Pay-to-Pay fees on Class members;

    b. Wherein Statebridge breached its contracts with borrowers by charging Pay-to-Pay Fees not authorized by their Deed of Trusts;

    c. Wherein Statebridge violated the FDCPA by charging Pay-to-Pay Fees not due;

9

d. Wherein Statebridge violated the NCCPA by charging Pay-to-Pay Fees not due;

e. Wherein Statebridge violated the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq.;

f. Wherein Statebridge's cost to process Pay-to-Pay Transactions is less than the amount that it charged for Pay-to-Pay Fees;

g. Wherein Plaintiff and the Classes were damaged by Statebridge's conduct;

h. Wherein Plaintiff and the Classes are entitled to actual and/or statutory damages as a result of Statebridge's actions;

i. Wherein Plaintiff and the Classes are entitled to restitution;

j. Wherein Plaintiff and the Classes are entitled to attorney's fees and costs.

58. Plaintiff's claims are typical of the claims of the Class members. Statebridge charged them Pay-to-Pay Fees in the same manner as the rest of the Class members. Plaintiff and the Class members entered into uniform covenants in their deeds of trust that prohibit Pay-to-Pay Fees or, at most, cap the amount of Pay-to-Pay Fees allowed to be charged at the actual amount disbursed by Statebridge to process Pay-to-Pay Transactions.

59. Plaintiff is an adequate class representative because his interests do not conflict with the interests of the class members and he will adequately and fairly protect the interests of the class members. Plaintiff has taken actions before filing this amended complaint by hiring skilled and experienced counsel and by making pre-suit demands on behalf of class members to protect the interests of the class.

60. Plaintiff has hired counsel that are skilled and experienced in class actions and are capable of protecting the interests of the class members.

10

61. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

62. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 *et seq.*
### On behalf of Plaintiff Mr. Pierce and the Nationwide FDCPA Class

63. All prior and subsequent paragraphs are hereby incorporated by reference.

64. This action is maintainable as a nationwide class action pursuant to 15 U.S.C. § 1692k(a)(2)(b).

65. The FDCPA makes it an illegal, unfair practice for a debt collector to undertake the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

66. Because Statebridge regularly collects debts owed others and because it acquired the loans of Plaintiff and the Nationwide Class members while those loans were in default, it qualifies as a debt collector under the FDCPA.

67. The deeds of trust of Plaintiff Mr. Pierce and the Nationwide Class members do not expressly authorize Statebridge to collect Pay-to-Pay Fees. At most, the deeds of trust permit Statebridge to collect only the actual amounts disbursed to process the Pay-to-Pay Transactions.

68. Although the deeds of trust do not expressly authorize collection of Pay-to-Pay Fees, Statebridge collected such fees anyway.

69. In so doing, Statebridge violated 15 U.S.C. § 1692f(1).

70. Plaintiff Mr. Pierce and the Nationwide FDCPA Class Members were harmed as a result of Statebridge's conduct.

71. As a result of each and every violation of the FDCPA, Plaintiff Mr. Pierce and the Nationwide Class members are entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages for knowing or willful violation in the amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3) from Statebridge.

## COUNT II
**Breach of Contract
On Behalf of Plaintiff Mr. Pierce and the North Carolina Class,**

72. All prior and subsequent paragraphs are incorporated herein by reference.

73. Statebridge breached its contracts with Plaintiff and the Class Members when it charged Pay-to-Pay Fees not agreed to in their deeds of trust, specifically prohibited by their deeds of trust, and in excess of the amounts actually disbursed by Statebridge to pay for the cost of the Pay-to-Pay Transactions.

74. Mr. Pierce purchased a home subject to the North Carolina Deed of Trust. *See* Ex. A.

75. When Statebridge became servicer of Mr. Pierce's mortgage, it became a party to the North Carolina Deed of Trust. Thus, Statebridge entered into the North Carolina Deed of Trust with Mr. Pierce whereby money was lent to Mr. Pierce to purchase property in exchange for certain payments over time.

76. The North Carolina Deed of Trust does not expressly authorize Statebridge to assess Pay-to-Pay Fees.

77. Statebridge's collection of the Pay-to-Pay Fees violated the FDCPA and NC Code § 75-54, § 75-55, and § 75-51 because the Deed of Trust does not expressly allow Statebridge to charge Pay-to-Pay Fees. *See* 15 U.S.C. § 1692f (making it illegal to collect "any amount (including any interest,

12

fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"); NC Code § 24-8.

78. By collecting fees in violation of Applicable Law, Statebridge breached the North Carolina Deed of Trust.

79. Mr. Pierce sometimes makes his mortgage payments online. Each time he does so, Statebridge charges him a $5.00 fee. This $5.00 Pay-to-Pay Fee is not authorized by the North Carolina Deed of Trust.

80. The above paragraphs that Statebridge breached are contained in the Uniform Covenants sections of each of the deeds of trust. Statebridge has thus breached its contracts on a class-wide basis.

81. Plaintiff and the Class Members were harmed by this breach.

## COUNT III
### Violation of the NCCPA
### On behalf of Plaintiff Mr. Pierce and the North Carolina Class

82. All prior and subsequent paragraphs are hereby incorporated by reference.

83. The NCCPA defines "debt collector" as "any person engaging, directly or indirectly, in debt collection from a consumer except those persons subject to the provisions of Article 70, Chapter 58 of the General Statutes. NC Gen. Stat. 75-50 Definitions. NC Gen. Stat., § 75-50(3). The NCCPA applies to Statebridge because it attempts to collect alleged debts from consumers, including Mr. Pierce and the members of the North Carolina class.

84. North Carolina proscribes specifically by statute what fees are allowed in North Carolina mortgage instruments, defined as "bona fide loan-related goods, products, and services." NC Gen. Stat. 24-8(a) Those "bona fide loan-related goods, products, and services" are defined as including "fees for tax payment services, fees for flood certification, fees for pest-infestation determinations, mortgage brokers' fees, appraisal fees, inspection fees, environmental assessment fees,

13

fees for credit report services, assessments, costs of upkeep, surveys, attorneys' fees, notary fees, escrow charges, and insurance premiums (including, for example, fire, title, life, accident and health, disability, unemployment, flood, and mortgage insurance)." *Id.*

85. Pay-to-Pay Fees, such as paying online for a mortgage payment is not included in the list of permitted "bona fide loan-related goods, products, and services." NC Gen. Stat. 24-8(a), and thus Statebridge violated NC Gen. Stat. 24-8(a) and the terms of the North Carolina Deed of Trust when it charged those fees to Mr. Pierce.

86. Plaintiff Mr. Pierce and the North Carolina Class Members engaged in consumer transactions when they took out mortgages in order to acquire real property for personal, family, or household uses. Mr. Pierce took out the mortgage loan secured by his property and now serviced by Statebridge for personal, family, or household uses. *See* NC Gen. Stat. § 75-50(1).

87. The NCCPA prohibits "debt collectors" from "[c]ollecting or attempting to collect from the consumer all or any part of the debt collector's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge…" *Id.* § 75-55(2).

88. Statebridge knew that the deeds of trust of Mr. Pierce and the North Carolina Class Members did not expressly authorize Statebridge to collect Pay-to-Pay Fees, and at most permitted Statebridge to assess amounts "disbursed" to process Pay-to-Pay Transactions. Despite this knowledge, Statebridge represented to Mr. Pierce and the North Carolina Class Members that it had the right to collect Pay-to-Pay Fees and collected them from Mr. Pierce and the North Carolina Class Members.

89. The NCCPA further prohibits "debt collectors" from "falsely representing the character, extent, or amount of a debt against a consumer…" *Id.* § 75-54(4).

90. Statebridge knew that the deeds of trust of Mr. Pierce and the North Carolina Class Members did not expressly authorize Statebridge to collect Pay-to-Pay Fees, and at most permitted Statebridge to assess amounts "disbursed" to process Pay-to-Pay Transactions. Despite this knowledge, Statebridge falsely represented to Mr. Pierce and the North Carolina Class Members that it had the right to collect Pay-to-Pay Fees and collected them from Plaintiff Mr. Pierce and the North Carolina Class Members. As a result of these false representations, Statebridge did falsely represent the amount of the debt against Mr. Pierce and the other North Carolina Class Members.

91. The NCCPA further prohibits "debt collectors" from "collecting or attempting to collect from the consumer all or any part of the debt collector's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge…" *Id.* § 75-55(2).

92. Statebridge knew that the deeds of trust of Mr. Pierce and the North Carolina Class Members did not expressly authorize Statebridge to collect Pay-to-Pay Fees, and at most permitted Statebridge to assess amounts "disbursed" to process Pay-to-Pay Transactions. Despite this knowledge, Statebridge falsely represented to Mr. Pierce and the North Carolina Class Members that it had the right to collect Pay-to-Pay Fees and collected them from Plaintiff Mr. Pierce and the North Carolina Class Members.

93. The NCCPA also makes it illegal to violate the federal FDCPA. *Id.* § 75-51(8). The FDCPA makes it an illegal, unfair practice for a debt collector to undertake the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

94. The deeds of trust of Mr. Pierce and the North Carolina Class members do not expressly authorize Statebridge to collect Pay-to-Pay Fees. At most, the Deed of Trusts permit

15

Statebridge to collect the actual amount disbursed to process the Pay-to-Pay transactions. Although the deeds of trust do not expressly authorize collection of Pay-to-Pay Fees, Statebridge collected such fees anyway. In so doing, Statebridge violated 15 U.S.C. § 1692f(1).

95. By violating § 1692f(1), Statebridge also violated the NCCPA.

96. As a result of Statebridge's violations of the NCCPA, Plaintiff Mr. Pierce and the North Carolina Class members were harmed.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of themselves and others similarly situated, respectfully requests that the Court:

1. Certify the proposed Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. Award damages, including compensatory and exemplary damages, to Plaintiff and the Classes in an amount to be determined at trial;

3. Award statutory damages and/or penalties to Plaintiff and the proposed Classes as permitted by law;

4. Enter an order enjoining Statebridge from continuing to collect Pay-to-Pay Fees;

5. Award Plaintiff and the Class members their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

6. Award pre- and post-judgment interest to the extent provided by law; and

7. Award such further relief as the Court deems appropriate.

## PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.

Dated: February 5, 2020

Respectfully Submitted,

/s/ Benjamin M. Sheridan
Benjamin M. Sheridan (#52734)
Klein & Sheridan, LC
3566 Teays Valley Rd.
Hurricane, WV 25526
(304) 562-7111
Fax: (304) 562-7115
ben@kleinsheridan.com


W. Stacy Miller II, Esq.
MILLER LAW GROUP, PLLC
Fayetteville St., Suite 201
Raliegh, NC 27602
Stacy@MillerLawGroupNC.com
Office: 919-348-4361
Fax: 919-729-2953

James L. Kauffman (pro hac vice)
Victor S. Woods (pro hac vice)
Bailey Glasser, LLP
1054 31st Street, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
Email: jkauffman@baileyglasser.com

*Counsel for Plaintiff and the Putative Class*