IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID PIERCE, *individually*
*and on behalf of all persons similarly situated*,

    Plaintiff,

v.                                                  Case No. 1:20-cv-117

STATEBRIDGE COMPANY, LLC,

    Defendant.

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CLASS CERTIFICATION, AND ENTRY OF SCHEDULING ORDER WITH INTEGRATED MEMORANDUM OF LAW**

After the negotiations of their counsel, Plaintiff David Pierce ("Plaintiff") as the proposed representative of the Settlement Class, as defined herein, and Defendant Statebridge Company, LLC ("Defendant" or "Statebridge" together with Plaintiff as the "Parties") have reached a proposed class action settlement in this case. By this Motion, Plaintiff respectfully requests that the Court (1) conditionally certify a class action for settlement purposes; (2) preliminarily approve the proposed Class Action Settlement Agreement (the "Settlement Agreement," attached as **Exhibit 1**); (3) appoint Plaintiff as Class Representative and Plaintiff's counsel as class counsel, and (4) establish a schedule to complete the tasks necessary to effectuate the proposed settlement. Defendant does not oppose the Motion.

The proposed settlement is fair in all respects. The Settlement Fund of $40,380 represents 100% of the amount of Pay-to-Pay fees collected by Defendant from February 5, 2019 to February 4, 2020. Separate from the Settlement Fund, Defendant is paying Administrative Costs, agreed class counsels' fees and expenses, and Plaintiff's class representative incentive award, both of which are subject to court approval.

1

Defendant has also stopped collecting Pay-to-Pay fees from class members after February 4, 2020 and has agreed to additional injunctive relief, under which Defendant has agreed to stop charging Pay-to-Pay fees in all states where class members are located: Alaska, California, Colorado, Iowa, Maine, Missouri, Montana, North Carolina, Pennsylvania, Vermont, Washington, West Virginia, Wisconsin and Wyoming until at least five (5) years after the date this Court grants final approval to the Settlement. As such, class members will receive a 100% refund as monetary relief and Plaintiff estimates that prospective relief will provide class members at least $40,000 per year, for an added benefit of $200,000 additional relief over the five-year period.

For the reasons set forth herein, the Court should grant the Motion and enter the proposed agreed Preliminary Approval Order.

## BACKGROUND

Plaintiff filed his Complaint on February 5, 2020 on behalf of himself and all similarly situated borrowers whose loans were serviced by Defendant. ECF No. 1. The Complaint alleged that Defendant charged borrowers a $5.00 fee for each online payment in violation of the Fair Debt Collection Practices Act ("FDCPA") where the $5.00 fee was not expressly authorized in Plaintiff's and other class members' uniform mortgages. *Id.* ¶1.

After numerous and lengthy discussions, as well as proposals and counter-proposals, the Parties drafted a settlement agreement, which was finally executed on December 16, 2020. The development of the COVID-19 pandemic posed additional special challenges to obtaining approval of the settlement.

2

# THE SETTLEMENT AGREEMENT

## A. The Proposed Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only: *All borrowers whose loans were in default at the time Defendant acquired the loans or servicing rights and from whom Defendant collected a Pay-to-Pay Fee from February 5, 2019 to February 4, 2020.* Ex. 1 at part II § 4.

## B. Benefits to the Settlement Class

The Settlement Agreement provides for a Settlement Fund of $40,380, which will be paid to class members based upon the amount of Pay-to-Pay fees paid by each class member. Ex. 1 at part V §C. Separate from the Settlement Fund, Defendant has agreed to pay, subject to Court approval: (a) Notice and Administrative Costs, (b) a Service Award to Mr. Pierce, and (c) proposed Class Counsels' Attorneys' Fees and Expenses. Ex. 1 at part V §§C, E, F; part VIII. These payments will represent the refund of 100% of the Pay-to-Pay fees paid by the Settlement Class. Ex. 1 at part II § 17.

Class Members do not have to submit claims or take any other affirmative step to receive benefits under the Settlement. Instead, Defendant will provide Class Counsel with a Settlement Class List that includes the names and last known mailing addresses of the Class Members. Ex. 1 at part VIII. After the Court approves the proposed Class Notice, Defendant will cause it to be sent by first-class mail postage prepaid to Class Members. *Id.* Prior to mailing the Class Notice, Defendant will update the last known addresses for Class Members using LexisNexis or a similar database. *Id.*

Any Class Member may seek to be excluded from the Settlement by opting out within the time period set by the Court. Ex. 1 at part IX. Also, any Class Member may object to the

Settlement by sending said objection to the Clerk of Court and serving copies of the objection on class counsel, prior to the deadline set by the Court. *Id.* For those Class Members who do exclude themselves, Defendant will either record a credit to their account for Class Member with loans still serviced by Defendant or will mail a check to the Class Member, postage prepaid, for Class Members with loans no longer serviced by Defendant. Ex. 1 at part V §C. Any checks issued to Class Members shall not expire prior to 90 days after the date of the check. *Id.* Any reissued checks shall not expire prior to 60 days after the date of the check shall be voided and the money returned to the Settlement Fund. *Id.* Any unclaimed portion of the Settlement Fund shall be donated to a *cy pres* recipient in accordance with the Court's orders. *Id.* It is the Parties' intention that any such recipient's mission will be aligned with the objectives of the litigation, and target Class Members' interests.

### C. Settlement Administrator and Administration Costs

Subject to Court approval, the Defendant will cause the Class Notice to be sent by first-class mail postage prepaid. Ex. 1, part VIII. The Defendant will cause any checks to be mailed in accordance with the Settlement Agreement by All Notice and Administrative Costs shall be paid from the Settlement Fund by first-class mail postage prepaid. *Id.* Defendant will pay all costs of Administration separately from the Settlement Fund. *Id.*

### D. Class Member Release

In exchange for the benefits conferred by the Settlement, all Class Members will be deemed to have released the Released Entities[1] from all claims that were or could have been

---

[1] The "Released Entities" means Defendant any entity on whose behalf Defendant services any loan to any Class Member, and any of their past or present parent companies, and each direct and indirect past or present subsidiaries, affiliates, divisions, predecessors, corporations in common control, and their past or present employees, associates, agents, representatives, insurers,

4

asserted by the Class Representative or Settlement Class members arising out of the collection or attempted collection of Pay-to-Pay Fees. Ex. 1, part VII.

### E. Proposed Plan of Notice

The Parties' proposed notice plan is designed to reach as many Class Members as possible and is the best notice practicable under the circumstances of the instant case. Within seven days or such other time as provided in the Preliminary Approval Order, Defendant, at its own expense, will compile the list of Class Member and provide it to Class Counsel. Ex. 1 part VIII.

No later than 30 days after entry of the Preliminary Approval Order, unless such other time is specified in the order, Defendant will mail the Class Notice. Ex. 1 part VIII. The Class Notice will be sent by direct first-class mail. *Id.* If a Class Notice is returned undeliverable and a forwarding address specified, Defendant remail such notice to the address provided within four days of receipt. *Id.* The Class Notice will inform Class Members of basic information about the Settlement or inform them of where they can obtain such information.

### F. Opt-Outs and Objections

The Class Notice will advise Class Members of their right to opt-out of the Settlement or to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and expenses and/or Service Award to the Class Representative, and of the associated deadlines to opt-out or object. *See* Ex. 2 Class Notice.

Class Members who choose to opt-out must submit a written request for exclusion by mail, postage paid, to the address specified in the Class Notice. Ex. 1, part IX; Ex. 2. Any request for exclusion must be postmarked on or before the deadline set by the Court and specified in the Class Notice, which the Parties recommend shall be 60 days from the date of the mailing of the Class Notice. *Id.* Anyone submitting a request for exclusion must set forth the name of this case,

---

reinsurers, accountants, trustees, administrators, attorneys, officers, shareholders, partners, members, control persons, advisors, and directors. Ex. 1 part II §19.

5

and the Class Members' name, address, phone number, and signature of the person(s) seeking exclusion. *Id.* Any person who opts-out of the Settlement shall not be bound by any prior order or the terms of the Agreement. *Id.* Any person who opts out of the Settlement is prohibited from objecting to the Settlement. *Id.*

Class Members who wish to object to the Settlement must send a written and signed Objection to the Clerk of the Court within the time period set by the Court. Ex. 1, part IX. Objections must include (1) the objector's name, address, and telephone number; (2) the name and number of the case; and (3) the factual basis and legal grounds for the Objection to Settlement. *Id.* The written Objection must also state whether the Class Member and/or their lawyer intend to appear at the Final Fairness Hearing. *Id.* Any lawyer who intends to appear at the Final Fairness Hearing must enter an appearance no later than the last day of the exclusion/objection deadline as set by the Court and shall include the full caption and case number of each previous class-action case in which that lawyer has represented an objector. *Id.* l

### G. Service Award, Attorneys' Fees and Costs

The Settlement Agreement contemplates Plaintiff petitioning the Court for a class representative service award in the amount of $1,000. Ex. 1, part II, F. The Settlement Agreement also contemplates Class Counsel petitioning the Court for attorneys' fees, costs, and expenses incurred by Class Counsel in the amount of $50,000. *Id*. Defendant has agreed to pay both the Plaintiff's class representative service award and Class Counsel's attorneys' fees, costs, and expenses, in addition, and separately from the Settlement Fund. *Id.*

### The Settlement Merits Preliminary Approval

Federal Rule of Civil Procedure 23(e) provides that "a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Although Rule 23(e) does not delineate a procedure for court approval of settlements of class actions, the courts generally have followed a two-step procedure. *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827

(E.D.N.C. 1994) (citing *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 313 (7th Cir. 1980); *In Re Mid–Atlantic Toyota Antitrust Litigation*, 564 F.Supp. 1379, 1384 (D.Md.1983)). First, the court conducts a preliminary approval or pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval" or, in other words, whether there is "probable cause" to notify the class of the proposed settlement. *Id.* (citing *Armstrong*, 616 F.2d at 314; *Toyota Antitrust Litigation*, 564 F.Supp. at 1384). Second, assuming that the court grants preliminary approval and notice is sent to the class, the court conducts a "fairness" hearing, at which all interested parties are afforded an opportunity to be heard on the proposed settlement. *Id.* The ultimate purpose of the fairness hearing is to determine if the proposed settlement is "fair, reasonable, and adequate." *Id.*

The Court should grant preliminary approval for several reasons. ***First***, Class Members will receive all of the fees paid by them during the class period. Many class members may have no knowledge of their claims, and therefore have no prospect of recovering for Defendant's alleged conduct except through this Settlement.

***Second***, the parties have engaged "in sufficient investigation of the facts to enable the court to intelligibly make an appraisal" of the fairness of a proposed class settlement. *Polar Int'l Brokerage Corp. v. Reeve*, 187 F.R.D. 108, 114 (S.D.N.Y. 1999) (internal quotations omitted). The Parties agree on the facts giving rise to the claims and disagree as to the legal issues involved. These issues have been investigated and considered.

***Third***, pretrial activity and discovery were sufficiently adversarial to show that they were not designed to justify a settlement but instead was an aggressive effort to move towards trial. *Polar Int'l*, 187 F.R.D. at 114 *(citing Martens v. Smith, Barney, Inc.,* 181 F.R.D. 243, 263 (S.D.

N.Y. 1998)). The Parties negotiated the settlement with the benefit of informal exchange of all relevant information and a contested mediation session overseen by an experienced mediator.

*Fourth*, the proposed settlement will avoid the complexity, expense, and duration of continued litigation, all of which are factors that favor preliminary approval. *See In re Corp. Litig.*, 264 F.3d 201, 231, 233 (3d Cir. 2001); *Girsh v. Jepson*, 521 F.3d 153, 157 (3d Cir. 1975) (complexity, expense, and duration as one of nine factors in determining the fairness of settlement); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (same).

*Fifth*, the settlement was reached through arm's-length negotiations. *Polar Int'l*, 187 F.R.D. at 112 (the court must look at the negotiating process leading to settlement in order to ensure that "the compromise be the result of arms'-length negotiations and that plaintiff's counsel have possessed the . . . ability . . . , necessary to effectively represent the class's interests.") (*citing Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1983)). The parties agreed to the settlement only after obtaining complete information regarding the composition of the class and considering all issues and risks involved.

*Finally*, the Plaintiff's counsel supports the settlement. The "opinion of class action counsel, with substantial experience in litigation of similar size and scope, is an important consideration" in assessing fairness. *Deem v. Ames True Temper, Inc.,* No. 6:10-cv-01339, 2013 WL 2285972, at *2 (S.D. W. Va. May 23, 2013) "'When the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight.'" *Id.* (quoting *Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass. 2000)). In the present case, proposed Class Counsel are experienced in litigating consumer protection class actions with regard to the same fees at issue here. *See Lembeck v. Arvest Central Mortgage Co.,* 2020 WL 6440502, (N.D.

Cal. 2020); *Caldwell v. Freedom Mortgage Corporation,* 2020 WL 4747497 (N.D. Tex. 2020); *Phillips v. Caliber Home Loans, Inc*., 2020 WL 5531588 (D. Minn. 2020).

For all these reasons, the settlement is fair and adequate, and preliminary approval is justified.

### The Court Should Conditionally Certify a Settlement Class

The Settlement Agreement contemplates the certification of a settlement class defined as follows:

> All borrowers whose loans were in default at the time Defendant acquired the loans or servicing rights to the loans and from whom Defendant collected a Pay-to-Pay fee from February 5, 2019 to February 4, 2020.

The proposed settlement class must meet the requirements for certification under Rule 23, and in fact, meets those requirements.

#### 1. Numerosity

Rule 23(a)(1) requires that the class be of sufficient size that joinder of all members is "impracticable." Fed. R. Civ. P. 23(a)(1). "No specified number is needed to maintain a class action." *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir.1984). The Fourth Circuit has held that a class of eighteen people alone is sufficient to satisfy the numerosity requirement. *See Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir.1967); see also *Rodger v. Electronic Data Systems Corp.*, 160 F.R.D. 532, 535 (E.D.N.C.1995) ("a class of as few as twenty-five to thirty members raises a presumption that joinder would be impracticable").

In the present case, the proposed Class consists of approximately 754 Class Member loans. Individual joinder of all of these persons is impracticable and would impose a heavy burden on the

9

various courts in the counties in which class members reside. The proposed Settlement Class satisfies the numerosity requirement.

### 2. Commonality

Rule 23(a)(2) requires a showing of the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "The threshold requirements of commonality and typicality are not high; Rule 23(a) requires only that resolution of the common questions affect all or a substantial number of the class members." *Brown v. Nucor Corp.*, 576 F.3d 149, 153 (4th Cir. 2009).

This action implicates numerous overriding factual and legal questions common to all Class Members, including whether Defendant's conduct violated the FDCPA, and what statutory damages are appropriate. These questions are common to all proposed class members. Commonality is present.

### 3. Typicality

To establish typicality under Rule 23(a)(3), the "claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event, practice, or course of conduct that gives rise to the claims of other class members, and if the plaintiff's claim is based on the same legal theory as those of the other members." *McLaurin v. Prestage Foods, Inc.,* 271 F.R.D. 465, 475 (E.D.N.C. 2010).

Plaintiff's claims are aligned with those of the putative class members. The facts supporting Plaintiff's claims are typical of the claims of the Class Members. All claims are based upon the same legal theories and arise out of an alleged standard course of conduct by the Defendant over the duration of the class period. The proposed Settlement Class, therefore, satisfies the Rule 23(a)(3) typicality requirement.

### 4. Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Also, class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *McLaurin*, 271 F.R.D. at 476 (citing *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir.1968)).

Plaintiff has no interests that conflict in any way with the interests of any Class Member. Plaintiff shares an interest with the other class members in opposing the Defendant's alleged practices and has willingly stepped forward to pursue his claims on a class-wide basis. Plaintiff will fairly and adequately protect the interests of the class.

Moreover, the attorneys are well-versed in class actions. Plaintiff's counsel has served as class counsel in numerous state and federal court class actions, including debt collection class actions such as this one. The adequacy of representation requirement is met.

### 5. Common questions of law or fact predominate.

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. When certifying a class for settlement purposes only, manageability problems that would arise if the class was litigated need not be considered. *See Newberg on Class Actions* § 13:36, p. 438 (4th ed. 2002) (stating that "for a settlement class there are fewer procedural barriers for certification . . . . Where class counsel must still prove there are common questions of law or fact, manageability concerns should not prevent a settlement class from being certified."); *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (U.S. 1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial.").

11

Here, there are no significant individualized issues that impact only certain Class Members. The common issues surrounding Defendant's conduct in charging and collecting Pay-to-Pay fees predominate the lack of any individualized issues.

### 6. The class action is the superior method to adjudicate Plaintiff's claims.

Rule 23(b)(3) requires that the class action be "superior to other available methods for the fair and efficient adjudication of the controversy." Regarding the superiority inquiry, the court is to compare the possible alternatives to a class action and determine if any is superior to the proposed class action. *McLaurin*, 271 F.R.D. at 479.

A class action is the best way to efficiently resolve all the Class Members' claims. As stated above, most Class Members will have no idea that their claims exist, and therefore have no prospects of individual recovery. Additionally, it would be inefficient and costly for each putative Class Member to litigate the issues in this case. "Settling this case as a class action will achieve economies for both the litigants and the court" through a significant reduction in the "overall cost of complex litigation, allowing plaintiffs' attorneys to pool their resources and requiring defendants to litigate all potential claims at once, thereby leveling the playing field between the two sides." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 842 (E.D. N.Y. 1984).

Class settlement provides an efficient and appropriate resolution of the controversy. No other superior method of adjudicating the controversy exists. The requirements of Rule 23(b)(3) are met.

### Proposed Schedule to Complete Settlement

The Court's calendar permitting, the Parties propose the following schedule to complete the tasks necessary to effectuate the proposed settlement:

Class Notice Mailed by: thirty (30) days after entry of the Preliminary Approval Order.

Objection/Exclusion Date: thirty (60) days after the initial mailing of Class Notice.

Final Approval Submissions: seven (7) days after objection/exclusion date; and

Final Approval Hearing: Approximately seven (7) days after final approval submission.

## Conclusion

For these reasons, Plaintiff respectfully requests that the Court grant her motion, conditionally certify the class, and approve the proposed settlement. A copy of the proposed Class Notice is attached as **Exhibit 2** and a proposed order is attached as **Exhibit 3**.

Dated: February 5, 2021

Respectfully submitted,

*/s/ James L. Kauffman*
James L. Kauffman (by special appearance)
Bailey & Glasser, LLP
1055 Thomas Jefferson Street N.W.
Suite 540
Washington, DC 20007
Tel.: (202) 463-2101
Fax: (202) 463-2103
jkauffman@baileyglasser.com

Benjamin M. Sheridan (#52734)
Klien & Sheridan, LC
3566 Teays Valley Rd.
Hurricane, WV 25526
Tel.: (304) 562-7111
Fax: (304) 562-7115
ben@kleinsheridan.com

W. Stacy Miller II (#21198)
Miller Law Group, PLLC
2424 Glenwood Avenue, Suite 201
P.O. Box 6340
Raleigh, NC 27628
Tel.: 919-348-4361
Fax: 919-729-2953
stacy@millerlawgroupnc.com

Victor S. Woods (by special appearance)
Bailey & Glasser LLP

13

209 Capitol Street
Charleston, WV 25301
Tel.: (304) 345-6555
Fax: (304) 342-1110
vwoods@baileyglasser.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2021 a copy of the foregoing document was filed electronically. Notice of this filing will be sent be e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ James L. Kauffman*